UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                    :
ANNA DICESARE,                      :    CASE NO. 1:17-cv-2448
                                    :
          Plaintiff,                :
                                    :
vs.                                 :    OPINION & ORDER
                                    :    [Resolving Doc. 7]
BRINKS, INC., et al.                :
                                    :
          Defendants.               :
                                    :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Anna DiCesare brought this case against Defendant Brinks, Inc. and a number of related individual Defendants (hereinafter "Brinks Defendants") in the Cuyahoga County Court of Common Pleas.[1] On November 22, 2017, the Brinks Defendants removed this case to this Court, claiming that federal question jurisdiction exists.[2] Plaintiff DiCesare now moves the Court to remand this case back to state court, arguing that her complaint does not present any federal law issues or claims.[3]

## I. Legal Standard and Discussion

A defendant may remove to federal court any civil action brought in state court "of which the district courts of the United States have original jurisdiction."[4] Federal district courts have original jurisdiction over federal questions.[5]

---

[1] *See* Doc. 1-1.
[2] *See* Doc. 1.
[3] Doc. 7. The Brinks Defendants oppose. Doc. 8.
[4] 28 U.S.C. § 1441(a).
[5] *See* 28 U.S.C. § 1331.

Case No. 1:17-cv-2448
Gwin, J.

Federal question jurisdiction exists in "all civil actions arising under the Constitution, laws, or treaties of the United States."[6] The party seeking removal bears the burden of establishing federal question jurisdiction.[7]

Under the well-pleaded complaint rule, the plaintiff is mistress of her complaint.[8] The Supreme Court does not allow a defendant to foist federal jurisdiction onto a plaintiff's complaint: "[T]the question whether a party claims a right under the constitution or laws of the United States is to be ascertained by the legal construction of its own allegation, and not by the effect attributed to those allegations by the adverse party."[9]

The Brinks Defendants allege that Plaintiff's fifth cause of action arises under federal law.[10] Plaintiff's fifth cause of action states:

> Plaintiff reported numerous safety violations to her immediate supervisors which were ignored. Plaintiff further states that defendant's [sic] violated numerous city, state and federal statutes. Plaintiff further states that defendant's [sic] *retaliated against* the Plaintiff and terminated her employment with the Defendant due to her filing complaints of safety and health hazards.[11]

The Brinks Defendants construe this as stating a federal claim because Plaintiff's fourth cause of action alleges termination in violation of Ohio public policy based on Plaintiff's reporting Department of Transportation and Ohio safety standard violations.[12] They argue that

---

[6] *Id.*
[7] *Ahearn v. Charter Twp. of Bloomfield,* 100 F.3d 451, 453-54 (6th Cir. 1996).
[8] *See Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987).
[9] *Tennessee v. Union & Planters' Bank,* 152 U.S. 454, 460 (1894) (citation omitted).
[10] The Brinks Defendants do not argue that Plaintiff DiCesare's allegations of underlying federal law violations create a substantial federal question that the Court must consider to decide her state law claims for relief. *See City of Warren v. City of Detroit,* 495 F.3d 282, 286 (6th Cir. 2007). Because they did not raise this argument in their opening motion, it is waived. *See Kuhn v. Washtenaw Cty.,* 709 F.3d 612, 624-25 (6th Cir. 2013).
[11] Doc. 1-1 at 10 (emphasis added) (paragraph numbering omitted).
[12] Doc. 8 at 2-3.

Case No. 1:17-cv-2448
Gwin, J.

because Plaintiff's count four explicitly states a violation of *Ohio* public policy, count five must refer to a violation of some *federal* public policy.[13]

This argument, though creative, fails. The operative language in count five of Plaintiff DiCesare's complaint is that the Brinks Defendants "*retaliated against* the Plaintiff and terminated her employment."[14]

A claim for termination against state public policy is, on its face, sufficiently distinct from a claim for retaliatory firing that there is no reason that the presence of the former must mean that the latter alleges an equivalent federal violation. The Brinks Defendants have presented no Ohio or federal precedent that suggests an opposite conclusion.

Indeed, even assuming that an Ohio termination against public policy claim has the same elements as an Ohio retaliatory firing claim, Plaintiff DiCesare's vague allusion to unnamed federal statutes is not sufficient to convert her retaliatory firing claim into one seeking federal relief. The Court has not found, and the Brinks Defendants have not presented, any precedent suggesting that a federal common law anti-retaliation claim exists.

Given DiCesare's protestations that she relies solely on Ohio law and the fact that her complaint names no specific federal anti-retaliation provision, there is no reason for the Court to interpret her mere mention of a federal statute as an attempt to create a new federal common law cause of action.

---

[13] *Id.*
[14] *Id.* (emphasis added).

Case No. 1:17-cv-2448
Gwin, J.

## II. Conclusion

For these reasons, the Court concludes that it lacks subject matter jurisdiction over this case.[15] The Court therefore **REMANDS** it to the Cuyahoga County Court of Common Pleas.

IT IS SO ORDERED.

Dated: December 22, 2017                 *s/ James S. Gwin*
                                                           JAMES S. GWIN
                                                           UNITED STATES DISTRICT JUDGE

---

[15] Because the Court finds that federal question jurisdiction does not exist on this basis, the Court does not consider the parties' arguments regarding Plaintiff DiCesare's amended complaint.